ORIGINAL

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

APR 1 8 2012

JAMES N. HATTEN, Clerk
By: _____
Deputy Clerk

ULTRA GROUP OF COMPANIES, INC.

      Plaintiff,

v.

DEKALB COUNTY, GEORGIA, DEKALB
COUNTY POLICE CHIEF, IN HIS
OFFICIAL CAPACITY AS POLICE CHIEF;
AND DEKALB COUNTY POLICE OFFICER
L. ROSE (BADGE #2656); DEKALB
COUNTY POLICE OFFICER E.I.JONES
(BADGE #2956); AND DEKALB COUNTY
OFFICER E. McCOWN (BADGE #2722),
ALL IN THEIR INDIVIDUAL
CAPACITIES,

      Defendants.

RWS

CIVIL ACTION FILE
NO.: _____
1: 12-CV-1342

JURY DEMANDED

## COMPLAINT FOR DAMAGES

Comes now, Ultra Group of Companies, Inc. (hereinafter "Ultra") and for its Complaint against DeKalb County, Georgia (DeKalb County"), DeKalb County Police Chief ("Police Chief") in his official capacity, and DeKalb County Police Officer L. Rose ("Officer Rose"), DeKalb County Police Officer E. I. Jones ("Officer Jones"), and DeKalb County Police Officer E. McCown ("Officer McCown"), all in their individual capacities, states as follows:

## INTRODUCTION

### 1.

This is a civil rights and property damage action arising from the illegal search, seizure, extensive damage or destruction of bona fide coin operated amusement machines owned by Ultra and leased to three different locations. The search and seizure of the machines were made at these locations under the pretext that that were being operated illegally but instead of seizing the machines, the officers unnecessarily caused extensive damage and destruction to each of the machines such that they were rendered inoperable and took all of the cash in the machines. The officers did not count or properly account for the cash received but instead merely noted on the inventory sheet that an "indeterminate" amount of cash was seized. The officers' conduct in initiating the search and seizure without legal justification and in maliciously and without cause inflicting unnecessary and serious physical damage to the amusement machines shows that it was done under color of state law and in violation of Ultra's constitutional and state protected property rights.

## JURSIDICTION AND VENUE

### 2.

This action arises under the Fourth and Fourteenth Amendment to the United States Constitution.

**3.**

This court has jurisdiction under, and by virtue of 28 U.S.C. §§ 1331 and 1343. Also, this court has supplemental jurisdiction to entertain claims arising under state law pursuant to 28 U.S.C. § 1367.

**4.**

Venue is founded in this judicial district based on 28 U.S.C. § 1391(e) (2) and §1402(b), as the acts complained of occurred in this district.

**5.**

This action against the individual officers of the DeKalb County Police Department is brought pursuant to 42 U.S.C. § 1983, the Fourth and Fourteenth Amendments to the United States Constitution and the laws of the State of Georgia.

**6.**

Ultra has properly provided ante litem notice without adequate response and all conditions precedent to the maintenance of this action have been fulfilled.

## THE PARTIES

**7.**

Ultra was at all times relevant to this proceeding a Georgia Corporation operating its business of leasing bona fide coin operated amusement machines ("BFCOAM") in this judicial district.

**8.**

Defendant DeKalb County is a political subdivision of the State of Georgia and is responsible for the conduct of the officers of the DeKalb County Police Department and for ensuring that those officers are properly trained to execute and obey the laws of the State of Georgia and the United States.

**9.**

Defendant Police Chief is responsible for the conduct of the police officers in his employ and for ensuring that his officers are trained to execute and obey the laws of the State of Georgia and the United States.

**10.**

Defendant police officers Rose, Jones, McCown and others were at all times relevant to the Complaint duly appointed and acting as officers of the DeKalb County Police, acting under color of law, to wit, under color of statutes, ordinances, regulations, policies, customs and usages of the DeKalb County Police Department and of the State of Georgia.

**STATEMENT OF FACTS**

**11.**

Ultra is in the business of, among other things, entering into lease agreements pursuant to which Ultra rents space in the businesses of others and places BFCOAM into such rented space.

The income generated by the BFCOAM is then divided between Ultra and the property owner.

### 12.

Ultra has such legal arrangements with, among others, individuals or corporations operating businesses at the following locations: (a) S&N Lotto and Grocery, 4110 Glenwood Road, Decatur, GA 30332; (b) Chevron Food Mart, 2289 N. Druid Hills Road, Atlanta, GA  30329; and (c) Texaco Food Mart, 2710 Bouldercrest Road, Ellenwood, GA 30316.

### 13.

On or about March 5, 2011, the Officers obtained search warrants for each of the locations contending improperly, and without evidence to substantiate their claims, that there was probable cause to believe that the crime of commercial gambling was being committed on the premises of each location and seeking to seize video gambling devices, gambling records and any proceeds of gambling activity.

### 14.

Pursuant to the search warrants, the Officers raided each location seizing a printer system (generally referred to as "Mutha Goose and Gaggle") and cash described by the Officers on their inventory sheets as an "Undetermined amount of U.S. currency from" the amusement machines. The amusement machines themselves were not seized but the Officers inflicted

significant and unnecessary damage on the machines such that they were rendered inoperable and unusable. The amusement machines were damaged to the extent that it cost in excess of $25,000 to repair the machines and make them operable.

### 15.

The amusement machines were not illegal gambling machines and were not being used in any gambling activities and prior to obtaining search warrants the Officers did not have probable cause to believe they were.

### 16.

The Officers knew or should have known that the amusement machines were not illegal gambling machines and that they were not being used in any gambling activities. Therefore, the decision to search, seize, damage and/or destroy the machines and seize the cash in the machines was unreasonable and in violation of Ultra's Fourth and Fourteenth Amendment rights to the U.S. Constitution and the laws of the State of Georgia. No reasonable officer could have believed that the amusement machines were illegal gambling machines or that they were being used in any gambling activities.

### 17.

Even if the Officers did have probable or reasonable cause to believe the amusement machines were illegal gambling machines or being used in gambling activities, which they did not, no

reasonable officer could have believed it was lawful to cause the wanton and malicious damage to the machines. Therefore the decision to damage and destroy the machines was unreasonable and in violation of Ultra's Fourth and Fourteenth Amendment rights to the U.S. Constitution and the laws of the State of Georgia.

### 18.

On information and belief, the DeKalb County Police has and has had a practice of searching, seizing, damaging, destroying and taking "undetermined" amounts of cash from amusement machines under the guise of claiming violation of commercial gambling laws without probable cause and without accountability for the cash taken in total disregard of citizens' constitutional rights, and this practice was condoned, encouraged, permitted and tolerated by Police Chief and thereby constituted a policy, custom and/or practice of unjustified, unreasonable and illegal searches and seizures by officers of the DeKalb Police Department.

### 19.

Upon information and belief, neither DeKalb County nor the DeKalb County Police have or had in place adequate training, review or other safeguards or policies regarding the proper procedures to utilize in obtaining search warrants or as to whether or when it is permissible to seize, damage, or destroy personal property such as bona fide coin operated amusement

machines so as to assure that the property of innocent persons or entities is not placed at unnecessary risk of being damaged and/or destroyed.

### 20.

The actions of DeKalb County and DeKalb County Police have damaged Ultra and Ultra is entitled to an amount to compensate it for its loss plus its reasonable attorney fees in prosecuting this matter.

### 21.

The actions of the Officers were intentional and malicious and have damaged Ultra and Ultra is entitled to an amount to compensate it for the damage to its property, reasonable attorney fees, punitive damages and costs in an amount to be determined at trial.

WHEREFORE, Ultra requests the Court grant it the following relief:

a. Actual damages in an amount to be proven at trial against DeKalb County and the DeKalb Police, plus costs and attorney fees of this litigation.

b. Actual damages, punitive damages attorney fees and costs against the individual Officers in an amount to be determined at trial of this matter.

c. Any other relief that the Court deems just and proper.

Ultra demands a jury trial on all issues which are properly triable before a jury.

Respectfully submitted, this _18_ day of April, 2012.

**WIMBERLY, LAWSON,**
**STECKEL SCHNEIDER & STINE, P.C.**

Paul Oliver
Georgia Bar No. 552375
Rhonda Klein
Georgia Bar No. 425074
Les A. Schneider
Georgia Bar No. 629562

Suite 400, Lenox Towers
3400 Peachtree Road, NE
Atlanta, Georgia  30326
Ph: 404-365-0900
Fx: 404-261-3707
Emails: po@wimlaw.com
        rlk@wimlaw.com
        las@wimlaw.com

*Attorney for Plaintiff,*
*Ultra Group of Companies, Inc.*